IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTOPHER MAUICE WATTS,<br><br>  Plaintiff,<br><br>v.<br><br>STATE'S ATTORNEY OFFICE FOR BALTIMORE COUNTY,<br><br>  Defendant. | Civil Action No.: BAH-24-1458 |

**MEMORANDUM**

On May 17, 2024, Plaintiff Christopher Mauice Watts filed a complaint against the "State's Attorney Office for Baltimore County" alleging an Assistant State's Attorney ("ASA") defamed him during his bail review. ECF 1. He also moved to proceed in forma pauperis. ECF 2. Watts's motion to proceed in forma pauperis shall be granted, and the complaint shall be dismissed for the reasons stated in this memorandum.

The only named defendant is "State's Attorney Office for Baltimore County." ECF 1, at 1. Watts is a pretrial detainee at the Baltimore County Detention Center. *See id.* at 2. He claims that an ASA "li[ed] under oath on record" during Watts's bail review hearing. Watts claims that the ASA misrepresented that Watts was "backing up 60 years" rather than 30 years "to prevent [Watts] from getting a bail" and "to paint the picture that [Watts is] some harden[ed] up criminal that needs to stay in jail." *Id.* at 4. Watts asks that his state criminal proceedings be dismissed and that he be awarded compensatory damages. *Id.* at 5.

Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned." Watts is currently being held in pre-trial detention on counts of attempted first degree murder, first and second degree assault, and related firearms offenses. *See State v. Watts*, Case No. C-03-CR-23-004590 (Balt. Cty Cir. Ct.).[1] Watts' trial is scheduled for October 30, 2024. *Id*.

Watts's complaint must be dismissed. First, Watts's claim that the ASA defamed him is not a federal claim. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006) (Fed. R. Civ. Proc. 12(b)(1) authorizes lack of subject-matter jurisdiction to be raised by a party or by a court on its own initiative at any stage in the litigation). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). The requirements for invoking diversity jurisdiction over a state law claim are not met where, as here, all parties are in Maryland.[2]

---

[1] *See* http://casesearch.courts.state.md.us/inquiry (last viewed May 31, 2024).

[2] There are other issues besides jurisdiction that make Watts's complaint susceptible to dismissal. First, the State's Attorney Office for Baltimore County, the only named defendant, is not an entity capable of being sued. *See Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 395 (4th Cir. 2014). Additionally, though not named as a defendant, the unnamed ASA is likely immune from suit. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 277 (1993) (noting that "prosecutors, like all attorneys, [are] entitled to absolute immunity from defamation liability for statements made during the course of judicial proceedings and relevant to them"); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018); *see also Lee v. Cline*, 863 A.2d 297, 305–06 (Md. 2004) (explaining that Maryland common law public official qualified immunity protects public officials from defamation claims based in negligence).

Further, to the extent Watts's complaint can be read as bringing a federal constitutional claim, the *Younger*[3] abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008) (formatting omitted); *accord United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)).

Criminal prosecutions implicate vital state interests, and Watts has an adequate opportunity to advance his claims regarding his entitlement to bail and the conduct of the prosecutor through his state proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("[O]ne class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding . . . ."). Accordingly, Watts's complaint must be dismissed without prejudice.

A separate Order follows.

 June 4, 2024                                                                  /s/
Date                                                                    Brendan A. Hurson
                                                                        United States District Judge

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).